**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3529

_____

FASTSHIP, LLC; LIQUIDATING TRUST OF FASTSHIP, INC.,

Appellants

v.

LOCKHEAD MARTIN CORPORATION;
GIBBS & COX, INC., Jointly, severally, and in the alternative

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-02919)
District Judge: Honorable Noel L. Hillman

_____

Submitted under Third Circuit LAR 34.1(a)
on September 24, 2021

Before:  MCKEE, RESTREPO and ROTH, <u>Circuit Judges</u>

(Opinion filed:  February 9, 2022)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

ROTH, Circuit Judge

After successfully suing the United States for infringing its patent when the U.S. Navy and Lockheed Martin designed a new class of naval combat ship, FastShip[1] sued Lockheed Martin and Gibbs & Cox for breach of contract and misappropriation of trade secrets. The District Court found FastShip's claims time-barred because its causes of action "accrued in 2010 at the latest" and that it "failed to take any action until seven years later — one year too late under the six-year statute of limitations for both of its claims."[2]

FastShip's appeal concerns only the interpretation of a memorandum written by FastShip's founder in March of 2010. Because we conclude that the District Court correctly interpreted that memorandum, we will affirm the District Court's judgment.

**I**

In 2003, the U.S. Navy sought proposals for the Littoral Combat Ship (LCS) Program. Lockheed Martin assembled a team to bid for the LCS contract and partnered with FastShip because of FastShip's "technology and technical expertise."[3] FastShip's founder, David Giles, received patents in the early 1990s for the type of hull, a semi-planing monohull (SPMH), that Lockheed wanted to propose to the Navy for the LCS program. Among other things, Lockheed and FastShip signed a proprietary information

---

[1] FastShip Inc. filed for bankruptcy in March 2012. The United States Bankruptcy Court for the District of Delaware created the Liquidating Trust of FastShip, Inc. and approved an Amended Funding Agreement permitting FastShip, LLC to sue the United States. We refer collectively to the liquidating trust and the LLC as FastShip.
[2] Appx. 25.
[3] Appx. 95.

non-disclosure agreement and a letter titled "FastShip, Inc. Involvement in Littoral Combat Ship Program."[4] FastShip also entered a confidentiality agreement with Lockheed's naval architecture subcontractor Gibbs & Cox related to the LCS program. Lockheed then submitted its LCS proposal to the Navy and won a preliminary design contract.

Throughout 2003, FastShip provided confidential technical data, including tank-testing data, to Lockheed and Gibbs & Cox. In 2004, Lockheed won the final design contract for the LCS program. Lockheed eventually excluded FastShip from the design team, which the parties agree was an outcome permitted by their agreements.

In September 2006, the Navy launched the USS Freedom, the first LCS vessel. FastShip believed Lockheed infringed its hull design patents but determined it could not sue Lockheed. Instead, in 2008, FastShip brought an administrative claim against the Navy under the federal acquisition regulations.

During the administrative claim process, FastShip founder David Giles wrote a memorandum titled "Memorandum on Background to FastShip, Inc.'s (FSI) Semi-Planing Mono-Hull (SPMH) Patent Claim against the US Navy."[5] This March 2010 Memo "provides background on the relationship between FastShip, Lockheed Martin, and the U.S. Navy's LCS project, and traces the history of FastShip's development of the SPMH technology and its patents."[6] In the executive summary, Giles wrote:

---

[4] Appx. 95.
[5] Appx. 168–77.
[6] Appx. 18.

[Lockheed Martin's] LCS design therefore represents not only an infringement of [FastShip's] SPM Patent but also a breach of confidentiality. It is [FastShip's] opinion that [the Navy] and [Lockheed Martin] have benefited — and will continue to do so — from the wealth of technical and other data made available to them by [FastShip]. This has confirmed the practicality of enlarging the SPMH to [a] far greater size than had previously been considered reasonable. Full documentary evidence is available confirming the facts and events outlined below.[7]

In April 2010 the Navy denied FastShip's administrative claim. In August 2012, FastShip sued the United States, alleging Lockheed's LCS design infringed its hull patents.[8] The United States Court of Federal Claims held that one of Lockheed's LCS designs did infringe FastShip's patents.[9] On April 28, 2017, the same day the Court of Federal Claims issued its patent infringement decision, FastShip sued Lockheed and Gibbs & Cox for breach of contract and misappropriation of trade secrets.

After allowing statutes-of-limitations discovery, the District Court found that FastShip's claims were time-barred. It found that "FastShip's cause of action accrued in 2010 at the latest and that, at that time, FastShip should have known the facts underlying its alleged breach of contract and trade secret misappropriation claims through the exercise of reasonable diligence, yet it failed to take any action until seven years later — one year too late under the six-year statute of limitations for both of its claims."[10] According to the District Court, "the March 2010 memo undisputedly demonstrates that

---

[7] Appx. 170 (emphasis removed).
[8] FastShip sued the United States in the United States Court of Federal Claims under 28 U.S.C. § 1498. *See FastShip, LLC v. United States*, 892 F.3d 1298, 1300 (Fed. Cir. 2018).
[9] *See FastShip, LLC v. United States*, 131 Fed. Cl. 592, 627 (Fed. Cl. 2017).
[10] Appx. 25.

4

if FastShip did not have actual notice at that time, it had sufficient information to recognize its potential claims against [Lockheed and Gibbs & Cox], which triggered FastShip's obligation to take reasonable steps to investigate further."[11]

FastShip appealed.

## II[12]

The parties agree that the applicable statute of limitations for both breach of contract and misappropriation of trade secrets claims is six years.  Thus, if FastShip's claims accrued before April 28, 2011, the claims are time-barred.  FastShip's appeal turns on the interpretation of the March 2010 Memo.[13]  FastShip argues that the District Court improperly relied "on a single paragraph from Mr. Giles's March 2010 memorandum" and ignored Mr. Giles's sworn declaration explaining his intent in drafting the March 2010 Memo.[14]

---

[11] Appx. 25–26.

[12] The District Court had subject-matter jurisdiction under 28 U.S.C. § 1332.  We exercise jurisdiction over FastShip's appeal under 28 U.S.C. § 1291.  "The standard of review in an appeal from an order resolving cross-motions for summary judgment is plenary." *In re Nat'l Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3*, 971 F.3d 433, 443 (3d Cir. 2020) (quoting *Cantor v. Perelman*, 414 F.3d 430, 435 n.2 (3d Cir. 2005) (internal quotation marks omitted)).  When the parties cross-move for summary judgment, "[w]e review the facts in the light most favorable to the party against whom summary judgment was entered." *Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co.*, 10 F.3d 144, 146 (3d Cir. 1993).

[13] FastShip argued the District Court improperly relied on New Jersey state-court procedure, which allows factual determinations related to the statute of limitations to be made by the court.  The District Court, however, determined that there were no disputed issues of material fact.

[14] Appellant's Br. at 24–25.

However, the language of that Memo is clear: Lockheed's LCS design "represents not only an infringement of [FastShip's] SPMH Patent but also a breach of confidentiality."[15] The plain meaning of this sentence is that FastShip knew that it had not only a patent infringement claim but also a breach of confidentiality claim against Lockheed. Thus, FastShip knew of its breach-of-contract and misappropriation-of-trade-secrets claims by the time Giles wrote the March 2010 Memo. In his deposition, Mr. Giles asserted FastShip believed Lockheed Martin willfully infringed FastShip's patents but that he was not concerned about misappropriation of trade secrets or breach of contract.

The March 2010 Memo's text belies that interpretation.[16] The plain meaning of the Memo shows that FastShip recognized that it had two claims — a patent-infringement claim and a breach-of-the-confidentiality-agreement claim. Thus, the District Court did not err by concluding that, "[b]y FastShip's own words, it knew of the factual basis [for] its breach of contract claim, which triggered its duty to either assert such a claim within the applicable statute of limitations, or investigate more so it could do so."[17]

*       *       *

---

[15] Appx. 170.
[16] We also conclude that the District Court properly found that "although the March 2010 memo does not specifically use the words 'trade secret misappropriation,' no reasonable factfinder could conclude that the content of the memo, taken as a whole, does not encompass such a claim." App. 27. Although "FastShip may not have known at the time exactly how Defendants used its information[—]which FastShip claims it figured out during the patent case years later[—]as of March 2010 FastShip had been alerted to the reasonable possibility that Defendants had inappropriately used its data . . . ." Appx. 28.
[17] Appx. 27.

The District Court properly granted Lockheed's and Gibbs & Cox's motions for summary judgment on the statutes-of-limitations issue because there is no genuine dispute of material fact about when FastShip had notice of its potential claims against them. For these reasons, we will affirm the judgment of the District Court.